UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHRIS WEBBER,

                Plaintiff,                Case No. 2:11-cv-82

v.                                                Honorable R. Allan Edgar

JANICE YOAK,

                Defendant.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated in the Alger Maximum Correctional Facility. In his *pro se* complaint, he sues Alger Law Librarian Supervisor Janice Yoak for violation of his First Amendment right of access to the courts.

On May 17, 2010, this Court dismissed Plaintiff's civil rights action in *Webber v. Tyree et al.*, 2:09-cv-255 (W.D. Mich.). Plaintiff sought assistance from the Legal Writers Program to file a notice of appeal and a motion for leave to proceed *in forma pauperis* on appeal. The deadline for filing his notice of appeal was June 16, 2010.[1] Plaintiff met with a legal writer on June 3, 2010. The following day, the legal writer informed Plaintiff that he had submitted the notice of appeal and motion for leave to proceed *in forma pauperis* for approval, and that after the documents were approved, he would give them to the librarian for delivery to Plaintiff. On June 10, Plaintiff sent a kite to the librarian inquiring about his appeal documents, but received no response. Plaintiff sent another kite on June 14. On June 16, the day of the filing deadline, Plaintiff was called to the law library and signed for his appeal documents. The legal writer showed Plaintiff documentation that Defendant Yoak had received the documents nine days earlier on June 7, but had failed to promptly deliver them to Plaintiff.

After Plaintiff signed for his appeal documents, he returned to his housing unit and requested to see the Resident Unit Manager (RUM) or the Assistant Resident Unit Supervisor (ARUS) so that he could mail his appeal documents that day and meet the filing deadline. The unit officer told Plaintiff that neither the RUM nor the ARUS was available at that time, 10:00 a.m., and

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

instructed Plaintiff to submit a kite. Plaintiff told the unit officer about his filing deadline and asked if he would call someone to process his legal mail. The unit officer repeated that Plaintiff had to submit a kite to see the RUM or ARUS. When Plaintiff was let out of his cell for lunch, he again informed a unit officer about his filing deadline. The officer similarly instructed Plaintiff to put a kite in the RUM/ARUS box and wait for a call out.

Plaintiff was unable to mail his appeal documents until the following day, June 17, 2010. The legal writer told Plaintiff that the appeal would be considered timely because there was a three-day grace period for using the mail system. On June 30, 2010, the Sixth Circuit issued an order requiring Plaintiff to show cause why his notice of appeal was not timely filed. In response to the order, Plaintiff's legal writer argued that under F.R.Civ.P. 6(d), Plaintiff had an additional three days beyond the deadline to place the notice of appeal in the hands of prison officials. On September 2, 2010, the Sixth Circuit dismissed Plaintiff's appeal as untimley. The court's order stated in pertinent part:

> This matter is before the court upon consideration of Chris Webber's response to this court's order directing him to show cause why his appeal should not be dismissed on the basis of a late notice of appeal. Webber responded by stating that Federal Rule of Civil Procedure 6(d) added an additional three days to his thirty-day appeal period resulting in the notice of appeal being due on June 19, 2010, that he gave his notice of appeal to a prison authority for mailing on June 17, 2010, and that his notice of appeal should be considered timely filed because of the mail-box rule.
>
> The district court entered its judgment on May 17, 2010. The time for filing a notice of appeal runs from entry of the judgment, not service of the judgment, thus neither Rule 6(d) nor Federal Rule of Appellate Procedure 26(c) provides an extra three days for mailing. *See* Fed. R. App. P. 4(a)(1); *Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 416 (6th Cir. 2010); *FHC Equities, L.L.C. v. MBL Life Assurance Corp.*, 188 F.3d 678, 681-82 (6th Cir. 1999) (refers to Fed. R. App. P. 6(e) which is currently known as Fed. R. App. P. 6(d)). The notice of appeal placed in the prison mail on June 17, 2010, is late. *See* Fed. R. App. P. 4(a), 4(c) and 26(a).

> Compliance with Federal Rule of Appellate Procedure 4(a) is a mandatory prerequisite that this court may neither waive nor extend. *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988); *Ultimate Appliance CC*, 601 F.3d at 415-16. Federal Rule of Appellate Procedure 26(b) specifically provides that this court may not enlarge the time for filing a notice of appeal except as authorized in Rule 4.

*Webber v. Tyree et al.*, No. 10-1821 (6th Cir. Sept. 2, 2010). Plaintiff subsequently filed a request for *en banc* hearing claiming that his appeal documents were untimely filed because Defendant Yoak did not provide the documents until the day of the deadline and there was no RUM or ARUS in the unit to mail them until the following day. The Sixth Circuit denied Plaintiff's request for *en banc* review on November 3, 2010.

Plaintiff contends that by holding his appeal documents for nine days, Defendant Yoak caused him to lose his right to appeal in the Sixth Circuit thereby violating his First Amendment right of access to the courts. For relief, Plaintiff seeks compensatory and punitive damages.

## **Discussion**

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.*

at 824-25. An indigent prisoner's constitutional right to legal resources and materials is not, however, without limit. In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop v. Johnson*, 977 F.2d 996, 1000 (6th Cir. 1992); *Ryder v. Ochten*, No. 96-2043, 1997 WL 720482, at *1-2 (6th Cir. Nov. 12, 1997). In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351-353; *see also Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Plaintiff cannot show that the alleged conduct of Defendant Yoak resulted in actual injury. At the time Yoak delivered the appeal documents to Plaintiff on the morning of June 16, they could have been timely filed had Plaintiff handed them to prison officials for mailing that day. The fact that Plaintiff was unable to find someone in the housing unit to process his legal mail that day was beyond Yoak's control. Plaintiff does not name any of the housing unit officers, the RUM or the ARUS as defendants in this action. Moreover, Plaintiff had the opportunity to explain the role of prison officials in delaying the filing of his notice of appeal when he responded to the Sixth Circuit's order to show cause. Instead, Plaintiff's legal writer chose to make an erroneous legal argument that Plaintiff was entitled to a three-day grace period. The legal writer's error cannot be attributed to Defendant Yoak. At most, Defendant Yoak was negligent for waiting until the day of the filing deadline to deliver the appeal documents to Plaintiff. "[M]ere negligence may not serve as a basis for a section 1983 claim." *See Yates v. City of Cleveland*, 941 F.3d 444, 447 (6th Cir. 1991). Because Plaintiff cannot show that Defendant Yoak's conduct resulted in actual injury to his

appeal, he fails to state a claim against her for denial of his first Amendment right of access to the courts.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:        4/4/2011                    /s/ R. Allan Edgar
                                          R. Allan Edgar
                                          United States District Judge